FILED 06 JUL '21 15:24 USDC-ORP

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

District of Oregon

· Portland  Division

|  |  |
|---|---|
| **Marlene Manling Hsieh** | Case No.  3:21-CV-996-SB |
|  | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☑ Yes  ☐ No |
| **-v-** | |
| **See Attached** | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

93994

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Marlene Hsieh | | |
| Address | 7132 SW 12th Ave | | |
| | Portland | OR | 97219 |
| | *City* | *State* | *Zip Code* |
| County | Multnomah | | |
| Telephone Number | 503-246-4084 | | |
| E-Mail Address | hsiehmm@yahoo.com | | |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

**Defendant No. 1**

| | | | |
|---|---|---|---|
| Name | Oregon Judicial Department Disctrict 4 Multnomah County | | |
| Job or Title *(if known)* | Multnomah County Circuit Court | | |
| Address | 1200 SW 1st Ave | | |
| | Portland | OR | 97204 |
| | *City* | *State* | *Zip Code* |
| County | Multnomah | | |
| Telephone Number | 971-274-0500 | | |
| E-Mail Address *(if known)* | Public.Information@ojd.state.or.us | | |

☐ Individual capacity    ☑ Official capacity

**Defendant No. 2**

| | | | |
|---|---|---|---|
| Name | Multnomah County District Attorney's Office | | |
| Job or Title *(if known)* | | | |
| Address | 1200 Southwest First Avenue Suite 5200 | | |
| | Portland | OR | 97204 |
| | *City* | *State* | *Zip Code* |
| County | Multnomah | | |
| Telephone Number | (503)-988-3162 | | |
| E-Mail Address *(if known)* | DA@mcda.us | | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 3

    Name                    Amy Baggio

    Job or Title *(if known)*    Multnomah County - Circuit Court Judge

    Address             1200 SW 1st Ave

| Portland | OR | 97204 |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County                Multnomah

    Telephone Number      971-274-0694

    E-Mail Address *(if known)*   amy.m.baggio@ojd.state.or.us

    ☑ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name                    Nicole Jergovic

    Job or Title *(if known)*    Multnomah County District Attorney

    Address             1200 SW 1st Ave Suite 5200

| Portland | OR | 97204 |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County                Multnomah

    Telephone Number      503-988-3162

    E-Mail Address *(if known)*   nicole.harris@mcda.us

    ☑ Individual capacity    ☐ Official capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    Color of Law statute violation    Title 18, U.S.C., Section 242

    ORS 131.564, ORS 167.345, ORS 181A.340, ORS 181A.345,  ORS 151.216,

    4th, 6th, 8th and 14th ammendment rights violation    Brady Violation

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

      See attached

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

      Portland, Oregon.  Multnomah County.

B.   What date and approximate time did the events giving rise to your claim(s) occur?

      July 15, 2019     9:00 AM

      Oct 9th, 2019    10 Am

C.   What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

1.  Multnomah County District Attorneys (DA) pursued the plaintiff with illegally filed charges. No post seizure remedy given but deprive the plaintiff her cat after the time the State Law allowed, ORS 131.564, violate the plaintiff her 4th and 14th ammendment.

2.  The Judges of Multnomah County Circuit Court did not grant hearings, denied motions without hearing, sentenced the plaintiff with steep fines violated the plaintiff her 8th and 14th ammendment. The Multnomah County appointed imcompetant public criminal attorneys violated the plaintiff her 6th and ORS 151.216.

3.  The Multnomah County Sheriffs Office (MCSO) did not supervise and discipline Humane special agent County employeed.  After the State was made awear the violation of county appointing incompetant agent, the agent still hold his position for many more months.  This is color of law violation of ORS181a.340 and 345

4.  The State had the plaintiff's cat Muzi medical treatments perfomed without a Court order, violated staute ORS 167.345.

5.  The illegally hired agent accompanying portland polices (PPB) came to the plaintiff house numerous times. PPB kicked in the plaintiff's door to seize two more healthy cats from the plaintiff's house.  The seizure warrant was never returned to County Court and no receipt of seized item was ever given, violated the plaintiff her 4th and 14th ammendment.    See attached.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Being deprived of her cat Muzi.        Property damage when the door was kicked in.

Emotional pain and suffering, Mental anguish, Loss of enjoyment of life, Loss of enjoyment of Property, Inconvenience, Grief, Anxiety, Humiliation, Emotional distress, and other pecuniary and non pecuniary losses

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Just compensation of $8,800,000 of civil rights denial and color of law violation

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      July 4th 2021

Signature of Plaintiff

Printed Name of Plaintiff      Marlene Manling Hsieh

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

_____        _____        _____
                      City                State          Zip Code

Telephone Number

E-mail Address

**Defendant No. 5**

| | |
|---|---|
| Name | Madeline Loeb |
| Job/Title | Multnomah County District Attorney |
| Address | 1200 SW 1st Ave, Portland OR 97204 |
| County | Multnomah |
| Telephone Number | 503-988-3162 |
| Email address | madeline.loeb@mcda.us |

**Defendant No. 6**

| | |
|---|---|
| Name | State of Oregon Office of Public Defense Services |
| Job/Title | |
| Address | 198 Commercial Street SE Suite #205 |
| | Salem, OR 97301 |
| County | Marion |
| Telephone Number | 503.378.3349 |
| Email address | lane.borg@opds.state.or.us |

**Defendant No. 7**

| | |
|---|---|
| Name | Brian Scherman |
| Job/Title | Multnomah County Court Appointed Public Defender |
| Address | Multnomah Defenders, Inc. |
| | 522 S.W. Fifth Ave., Suite 1000 Portland, OR 97204 |
| County | Multnomah |
| Telephone Number | (503) 226-3083 |
| Email address | jkampfe@multnomahdefenders.org |

**Defendant No. 8**

| | |
|---|---|
| Name | Nedu Nweze |
| Job/Title | Multnomah County Court Appointed Public Defender |
| Address | Warren and Sugarman Attorneys at Law |
| | 838 Southwest 1st Avenue, Suite 500 Portland, Oregon 97204 |
| County | Multnomah |
| Telephone Number | 503-228-6655 |
| Email address | n.nweze@warrenpdxlaw.com |

1

**Defendant No. 9**

| | |
|---|---|
| Name | Sean Lo |
| Job/Title | Multnomah County Court Appointed Public Defender |
| Address | Metropolitan Public Defender |
| | 630 SW 5th Ave #500, Portland, OR 97204 |
| County | Multnomah |
| Telephone Number | (503) 225-9100 |
| Email address | slo@mpdlaw.com |

**Defendant No. 10**

| | |
|---|---|
| Name | The State of Oregon |
| Job/Title | |
| Address | Trial Division |
| | 1162 Court St. NE Salem, OR 97310 |
| County | Marion |
| Telephone Number | (503) 947-4700 |
| Email address | Steve.Lippold@doj.state.or.us |

**Defendant No. 11**

| | |
|---|---|
| Name | Oregon Department of Justice |
| Job/Title | |
| Address | Trial Division |
| | 1162 Court St. NE Salem, OR 97310 |
| County | Marion |
| Telephone Number | (503) 947-4700 |
| Email address | Steve.Lippold@doj.state.or.us |

**Defendant No. 12**

| | |
|---|---|
| Name | Multnomah County Sheriff's office |
| Job/Title | |
| Address | 501 SE Hawthorne Blvd Suite 350, Portland, OR 97214 |
| County | Multnomah |
| Telephone Number | (503) 988-4300 |
| Email address | mike.reese@mcso.us |

**Defendant No. 13**

| | |
|---|---|
| Name | Oregon Department of Public Safety Standards and Training (DPSST) |
| Job/Title | |
| Address | 4190 Aumsville Hwy SE, Salem, OR 97317 |
| County | Marion |
| Telephone Number | 503-378-2100 |
| Email address | odpsst@dpsst.state.or.us |

**Defendant No. 14**

| | |
|---|---|
| Name | Portland Police Bureau |
| Job/Title | |
| Address | 1111 S.W. 2nd Avenue, Portland, OR 97204 |
| County | Multnomah |
| Telephone Number | 503-823-0000 |
| Email address | MayorWheeler@portlandoregon.gov |

**II. Basis for Jurisdiction**

**D.**

Regular citizen has limited resources to County Ordinance and Oregon state Law. Especially law-abiding citizens never run in with laws. That does not mean the government can function at the citizen's expenses. The government of Multnomah county treating county residents without regard of the law thinking the citizen has no ability to challenge them. So many Judges, Attorneys, and government leaders of many departments with law degrees joining together in opposition to citizens with no knowledge of the law and defenseless. I am an Asian American immigrant. English is not my 1st language and never studied law. I have to find all the laws to challenge the government officials thanks to the internet. I am using my best knowledge and ways I know how. I am fighting the

justice as I have faith in American justice system. I am sure the Justice system is going to work for me as a proud American citizen.  Even though the government may think I will eventually give up due to the obstacle and hardship or financial burden of not being able to find and afford a qualified legal counsel. But this is exactly they can get away and do these to my fellow citizens and county residents. Someone needs to stick to it and speak up and stand up. I am proud to fight the fight as long as I am able to. I don't know legal languages. I am going to use my plain language and the way I know how.  I do not have a law degree but I have the law on my side.

The plaintiff's cat Muzi that the state accused of being neglected, 19CR15168, has face and neck dermatitis.  The plaintiff brought Muzi to the vet on Jan. 18, 2019. The vet thought Muzi was burned and reported the plaintiff to the animal control and the animal control agent, who has no law enforcement credential, seized Muzi that day.  In the trail on July 15, 2019, the Honorable judge Amy Baggio found the plaintiff guilty of animal neglect for delaying to brought Muzi to the vet for one week.

4

## 1. **Multnomah County District Attorneys (DA) pursued the plaintiff with illegally filed charges**

The County Animal Control agent who seized the plaintiff's cat Muzi was appointed as a Humane special agent illegally (see **3.**) The agent was not a peace officer who can't issue a criminal citation but filed charges against the plaintiff, which violated **ORS 133.055.**  Pursuant **ORS 133.069 (2)** The district attorney for the county shall review any criminal citation issued with a form of complaint that is to be filed in a circuit or justice court. The review must be done before the complaint is filed.  There was no evidence the DA had reviewed the complaint, because after the discovery ordered by the court, it took the state more than one month to produce the report.  This fact had been noted by the then Court appointed public attorney Brian Scherman on the first hearing on March 29, 2019, in which the report was not available to the plaintiff and her counsel.

The illegal employed animal control agent seized the plaintiff's cat without a warrant. The state used **ORS 167.345** to justify the seizure.  However, the plaintiff had filed a Motion of Return of Things Seized on March 13, 2019.  Pursuant **ORS 87.159 (a)** Within 30 days of impoundment of any animal or animals as is authorized under **ORS 167.345** (Authority to enter premises or motor vehicle), any person who has an ownership interest in any impounded animal may file a written petition.  The plaintiff never receives any post seizure remedy from the state other than a Notice of Animal Impoundment which the protective custody column was not checked.  There is no way for the plaintiff to have the knowledge to file the petition with the state within 30 days of the seizure.  Nevertheless, the

plaintiff sent mails, on Jan. 20, 2019, two days after the seizure, to the Director of the county animal control agent's department requesting a hearing to contest the holding of Muzi after 6-day impoundment period had passed without releasing Muzi to the plaintiff. The lack of notification of post seizure remedy is a 14th amendment due process violation.

Pursuant **ORS 131.564, (2)** Within 30 days following seizure of property for criminal forfeiture, the seizing agency, in consultation with the district attorney of the county in which the property was seized for forfeiture, shall determine whether it will seek the forfeiture of the property. If the seizing agency elects not to seek forfeiture, it shall pay all costs and expenses relating to towing and storage of the property, and shall cause to be discharged any possessory chattel liens arising under **ORS 87.159**. The State did not file charges within 30 days and did not seek the forfeiture or establish a lien on the seized property but kept depriving the plaintiff her cat Muzi is in violation of **ORS131.564** and **ORS 87.159** and the 4th amendment unreasonable seizure and 14th amendment depriving the plaintiff's property without due process of law. The plaintiff did not get a chance to challenge the probable cause and that if the lien amount accurately reflects the reasonable charges authorized, but was later ordered to pay more than $10,000. This is in violation of the plaintiff her 14th amendment due process.

## 2. Multnomah Couty Circuit Court, Judges, District Attorneys and Public defenedrs violated Oregon State law and constituion rights.

From page three of the trial transcript on the arraignment day Mar 13, 2019, attorney Jane Fox, OSB 950190, who the plaintiff has never met, did not consult with the plaintiff but entered a non-guilty plea for the plaintiff.  The plaintiff was not given a chance to even enter a plea for herself and did not know what had happened.   This is in violation of **ORS 135.040** and the plaintiff her right to counsel of the 6th Amendment.

The first counsel the County Court appointed to the plaintiff, Brain Scherman did not file the two motions, Motion to Dismiss and Motion to Suppress Evidence, the plaintiff requested. Attorney Scherman also did not schedule a hearing for the Motion Return of Things Seized.   When the plaintiff raised her concern on the hearing dates May 14, and 22 of 2019, both Honorables judge Albrecht, Cheryl A. and Walker, Kenneth R told the plaintiff the court will hear the Motion Return of Things Seized after the trial. This is in violation of the plaintiff her 14th amendment due process right to be heard.

The plaintiff was deprived her cat Muzi without being heard for 5 months until the trial date on July 15, 2019.

The plaintiff had to file the two motions, Motion to Dismiss and Motion to Suppress Evidence, Pro Se.  Because after the court appointed the plaintiff a substitute court appointed attorney Nedu Nweze, he still did not file the motions

7

on the plaintiff's behave. Attorney Nweze went on maternity leave for more than one month in June of 2019, right after the appointment without updating the plaintiff in spite the trial date is fast approaching.

The Plaintiff specifically pointed out a set of photos in an email dated June 27, 2019, the state sent Attorney Nweze claiming to be the photos of Muzi before treatments. This set of photos showed Muzi's hindlimb had wounds from her paw all the way up to her heel. No fur on her lower hindlimb/shank. In an office visit on July 3rd, 2019, attorney Nweze had the impression that these new discoveries were the condition of Muzi when she was seized before any state treatment. But in the record of emergency vet Dr. Cruz evaluation on the day of seizure, Muzi's paw is pale pink in color and no mention of any wound on her leg elsewhere but her paw, which proves that under the state care Muzi got worse. The previous owner of Muzi before the plaintiff also stated in the surrender paper that Vet had given them meds which made things worse (P.257 of report). Attorney Nweze agreed to show the set of photos to the vets in trial if they can confirm the states claim that these are the photos when Muzi was first brought to their attention, which attorney Nweze failed to do. The set of photos in question was never brought up in the trial.

The state withheld evidences which are prosecutorial misconducts and in violation of color of law and obstruction of justice. The state told the court appointed public defenders Attorney Scherman Muzi can be hold by the state as evidence. The state and the court ignored the plaintiff her repeated request for Muzi to be shown in court. This is withholding of evidence. The government's

8

withholding of evidence of the plaintiff is in violation of the Brady rule and the plaintiff her constitutional right to due process.

The plaintiff was never shown the colored version of all the photos but black and white in spite of her repeated asking both courts appointed attorneys to show her. The plaintiff had asked repeatedly for a photo documented in the County animal control agency's animal record on January 19, 2019, which the agent who seized Muzi claimed he took at the time of seizure. The DAs never produced this photo. The plaintiff expected attorney Nweze to challenge this in the trial but he did not.

After the trail, attorney Nweze did not help the plaintiff to file for appeal in spite she expressed her desire to appeal right away. Attorney Nweze also email the plaintiff and the court that he would not be present in any of the post-trial hearings. All the above conducts by both of the court appointed attorneys violated the plaintiff her right to counsel of the 6th amendments.

The honorable judge Albrecht advised the plaintiff on June 27, 2019 further proceeding hearing that the plaintiff can file the two motions of dismiss and suppress evidence Pro Se. Attorney Nweze agree to represent the plaintiff for these two motions at the day of trial July 15, 2019. However, Judge Baggio only heard the motion of suppress evidence and denied it. On June 16 when the plaintiff brought up the motion to dismiss due to constitutional right violation, judge Baggio denied it without hearing the motion. This violated the plaintiff her 14th Amendment due process right to be heard.

9

The DAs brought the case to trial and Court judge Baggio dismissed motion to exclude evidence for unlawful seizure without a warrant with the knowledge that the county animal control agent was not a peace officer. The DAs and Judge allowed the seizure of the Plaintiff's cat without a warrant by an agent not qualified to do so is in violation of **ORS 167.345**.

On the trail, Judge Baggio repeated stop the plaintiff before she finished her sentence.  Judge Baggio even prized court appointed attorney Newze that he did a great job in front of the plaintiff after she was found guilty.  This is in violation of the fair trial of the 6th Amendment.

Honorable Judge Amy Baggio denied motions in spite of clear evidences of constitutional violations. This caused the plaintiff to be denied her right of fair trail of the 6th Amendment.

The judge Baggio orders the plaintiff to surrender the cats belong to her husband and son claiming probation violations without probation violation hearings. The judge also orders the judgement of restitution without a restitution hearing.  This denied the plaintiff her rights to be heard and due process of the 6th Amendment as well as the 14th Amendment.

On the further proceedings hearing, Sep. 30, 2019, when the plaintiff was on the witness stand, Judge Baggio stopped the plaintiff and told the plaintiff to leave the stand, before the plaintiff had a chance to finish all her testimony and told the plaintiff she was ready to rule.  Judge Baggio also pretend that she did not

10

understand the plaintiff's English. This again, violated the plaintiff her 14th Amendment due process right to be heard. The Judge Baggio also ordered the plaintiff to pay the county and the emergency hospital $10.507.18 in spite the state never gained custody with a court order to perform medical treatment nor establish a lien on Muzi which the plaintiff brought up during her testimony. Numerous medical procedures were performed on Muzi without a court order which violated **ORS 167.345 4(a)**. **A court may order** an animal impounded under subsection (2) of this section to be held at any animal care facility in the state. A facility receiving the animal shall provide adequate food and water and **may provide veterinary care**. This is color of law violation of **ORS 167.345** and **ORS 87.159**. This also in violation of the plaintiff her right of the 8th Amendment of excessive fines imposed, nor cruel and unusual punishments inflicted for a misdemeanor.

The plaintiff filed Motion for return things seized on March 13, 2019. The court and the District Attorneys do not let the plaintiff schedule a hearing for the motions. This is in violation of the plaintiff's right to be heard of the 6th Amendment and due process of the 14th Amendment. The state asks the scheduled trial date to be set over for one more month from May 29 to July 15 claiming the vet is unavailable and witness on vacation. The state are the ones delayed for more than one month to file charges and prolonged the trail but asked restitution for the care of Muzi for the duration. The state violated the Plaintiff her right to speedy trail of the 6th Amendment especially the prolonged trail procedure made the plaintiff bear more burden for the Restitution.

11

State of Oregon Office of Public Defense Services violated the **ORS 151.216 a)**
Establish and maintain a public defense system that ensures the provision of
public defense services in the most cost-efficient manner consistent with the
Oregon Constitution, the United States Constitution and Oregon and national
standards of justice.

The public defenders appointed by Multnomah County Circuit Court, Mr. Brain
Scherman OSB 144828, Mr. Nedu Nweze OSB 145375, and Mr. Sean lo OSB
175448, are either with big caseload or fail to render assistance promised.  No
objection was made by the public defenders during the trail or post trail hearings.
The plaintiff later learned this hinders the plaintiff her chance to succeed in the
appeal. They also deliberately not asking the prosecutors for critical evidences
despite the plaintiff t's repeat requests. Furthermore, they do not disclose to the
plaintiff all evidences the prosecutors provide. Mr. Nedu Nweze did not return
plaintiff 's calls or emails and is not truthful to the plaintiff in numerus occasions.
Mr. Nedu Nweze also did not file or refer the plaintiff for appeal despite the
plaintiff clearly express her desire to do so.  Mr. Sean Lo was just appointed to the
plaintiff on Aug. 27, 2019, who was not familiar with the plaintiff's case and had
not had an appointment to discuss the defense, not only did not ask the court for
an extension of time on her behave on the Aug. 30, 2019 probation violation
hearing, but also move the restitution hearing date up from Oct 4th to Sep 30,
2019, without consulting with the plaintiff.  The restitution hearing scheduled on
Oct 4th was therefore canceled. This caused the plaintiff to be denied her right to
be heard.  All of the above is in violation of attorney duties and obligations of the

Oregon state bar resulting in the plaintiff be denied her right to counsel of the 6th Amendment.

## 3. The Multnomah County Sheriffs Office (MCSO) did not supervise and discipline Humane special agent County Employed

On and about Oct. 11, 2019, the plaintiff contacted many sources including https://multco.us/services/good-government-hotline, ask.osp@state.or.us, info@oregonsheriffs.org , DPSST.Complaints@state.or.us, and the Attorney General in the Oregon Department of Justice Fred.Boss@doj.state.or.us, and the United States Department of Justice for the District of Oregon Bill.Williams@usdoj.gov to report that the Multnomah County animal Control personnel Christian Holden DPSST# 55496 is illegally employed as an animal control officer 2.

The job description on the Multnomah County website, the REQUIRED TRAINING, LICENSES, AND/OR CERTIFICATES includes "Ability to obtain and maintain a limited commission as a Special Deputy Sheriff for Multnomah County is required". But Mr. Holden's DPSST # did not show he is ever employed by the Multnomah County Sheriff's office (MCSO) and only 911 dispatcher ranking with inactive status. He took the plaintiff's cat Muzi on 1/18/2019 without a warrant claiming exigent condition justify the warrantless seizure. But only peace officers such as sheriffs have the right to do this.

It's illegal for Mr. Holden to perform the duty of peace officer as described in Oregon state law **ORS 167.345** as he does not fit any credential as described as a

13

peace officer in **ORS 133.005**. What Mr. Holden did is impersonating law enforcement sheriff and police. But Mr. Holden still hold his employment as Multnomah County Animal Control Officer 2 position for at least 7 more months until July 2020.

The Multnomah County Sheriff's office professional standard Cpt. James Eriksen responded through email on Oct. 14, 2019 claiming "I have checked with MCSO Human Resources and have verified that Christian Holden is commissioned as a Special Appointment Animal Control Officer." and "Sheriff Reese (Multnomah County Sheriff Michael Reese) has sworn in Mr. Holden with a limited commission as a Special Deputy for Multnomah County." But when checked with Multnomah County Sheriff's office Chief of Staff Katie Burgard by phone and email if the statements by Cpt. Eriksen are accurate, the plaintiff was told the sworn record may not be release to the plaintiff and no follow up on the date Mr. Holden was ever commissioned or if his sworn record even exists as promised by Ms. Burgard "I am happy to provide authorized information and will give you a call, likely Tues. (Oct. 15, 2019) Afternoon.". In the emails copied to Sheriff Reese, the plaintiff had specifically question if the statements of Cpt. Eriksen are intentional coverup for the unlawful employment of Mr. Holden as Animal Control Officer 2.

Pursuant **ORS 181A.340 (1) (a)** The employee is certified, or is eligible for certification, as a police officer under the provisions of **ORS 181A.355** to **181A.670**. If Mr. Holden does not have the training for police or sheriff, he should not be commissioned as one or it is against the law. Thus, the Department of Justice, the MCSO, and the DPSST violated the above statue for not removing Mr.

14

Holden from his position for a prolonged period of time after learning the fact from the plaintiff and had him perform his duty under the color of law resulting the plaintiff did not have equal protection of law of the 14th Amendment.

Pursuant **ORS 181A.345 (2)** If a law enforcement agency or a humane investigation agency learns of an allegation that a humane special agent has abused the agent's commission, or otherwise has reasonable cause to believe that the commission of a humane special agent is subject to suspension or revocation under **ORS 181A.340(3)**, the agency shall promptly notify the Superintendent of State Police. The DAs learned the DPSST # of Mr. Holden is inactive and he had only 911 dispatcher training in May of 2019. The state suddenly changed DA from Jergovic to Loeb who moved the case forward. The DAs also violated the statue and acted under the color of law.

4. **The State had the plaintiff's cat Muzi medical treatments performed without a Court order, violated staute ORS 167.345**

5. **The illegally hired agent accompanying Portland polices (PPB) came to the plaintiff residence numerous times.**

The Multnomah County Animal Control Agent Mr. Holden DPSST# 55496 came to the plaintiff's residence numerous times in the month of August of 2019. He either showed up alone or accompanied by Portland polices (Officer Spencer Schaaf DPSST# 58874 and Officer Brad Jett DPSST# 46121) and other County Animal Control Agent Taffy Burrell DPSST# ACO20. Under color of law, even

physical presence of the Police is considered excessive force. Especially when the Animal Control Animal Control Agents carried the title "Officer" in the black uniform very similar if not identical as the Portland Police. This violated the plaintiff her right of excessive force of the 14th Amendment.

The judge Baggio ordered the plaintiff to surrender the cats belong to her husband and son claiming probation violations. On Oct. 9, 2019, more than 10 Portland police from the Portland Police Bureau armed with a search warrant signed by Multnomah County Judge Stephen K. Bushong kicked in the plaintiff's door to seize two more healthy cats. This is excessive force in violation of the 14th Amendment.

In case "State of Oregon VS Diaz-Caceres", Ms. Diaz-Caceres has a long history of animal neglect and was convicted again by Multnomah County Circuit court on Oct.4th, 2019, of six misdemeanor counts of second-degree animal neglect and one felony count of second-degree animal neglect. The judge allows her to live with anyone who owns or is in possession of animals with prior written permission of her probation officer. The plaintiff has no previous criminal record and was only convicted one misdemeanor count, the Honorable judge Amy Baggio gave authority to seize the cats living in plaintiff's own residence owned by her husband claiming it is in violation of procession of cats. The judgement is under appeal but honorable Judge Steven Bushong singed a search warrant despite the plaintiff had submitted a hand written letter on Aug. 8th, 2019, begging him to pay attention to her case full of constitutional violations. The actions of Multnomah County Circuit Court Judges are cruel and unusual

punishments inflicted in violation of the eighth Amendment and of 14th Amendment equal protection of law.

Pursuant **ORS 133.615**, the law requires a return of search warrant to be filed and become public record in time. Pursuant **ORS 133.595**, the seizing officer shall make a list of the things seized, and shall deliver a receipt embodying the list to the person from whose possession they are taken. The plaintiff can't find a return search warrant under her case # 19CR15168 or under her name in the Multnomah County Circuit Court website and no Portland police officer ever deliver a receipt to the plaintiff listing things seized on Oct. 9, 2019.

On the form of "Right to Appeal" provided to the plaintiff and all defendants convicted of crimes by Multnomah County Circuit Court, the phone Number provided to contact the Indigent Defense Section 503-988-3987 is not functioning. The phone number when dialed is always busy signals. The last time the plaintiff tried in on Oct. 4th. The Zip code for mailing the notice of appeal to the court of appeal is also incorrect. This cause difficulty for the plaintiff and other defendants to file appeal or seek counsel. This is obstruction of justice and denied the plaintiff's right to counsel of the 6th Amendment.