IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**MARLENE MANLING HSIEH,**

          Plaintiff,

  v.

**OREGON JUDICIAL DEPARTMENT DISTRICT 4 MULTNOMAH COUNTY, MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE, AMY BAGGIO, NICOLE JERGOVIC, MADELINE LOEB, STATE OF OREGON OFFICE OF PUBLIC DEFENSE SERVICES, BRIAN SCHERMAN, NEDU NWEZE, SEAN LO, STATE OF OREGON, OREGON DEPARTMENT OF JUSTICE, MULTNOMAH COUNTY SHERIFF'S OFFICE, OREGON DEPARTMENT OF PUBLIC SAFETY STANDARDS AND TRAINING, PORTLAND POLICE BUREAU,**

          Defendants.

No. 3:21-cv-00996-MO

OPINION AND ORDER


**MOSMAN, J.,**

      This matter is before me on three Motions to Dismiss filed by various defendants in this case. For the reasons stated below, I GRANT the three Motions to Dismiss [ECF 9], [ECF 10], and [ECF 35].

1 – OPINION AND ORDER

## BACKGROUND

This is one of three cases Plaintiff Marlene Manling Hsieh has brought in federal district court collaterally attacking her conviction for animal abuse in Oregon state court. The Oregon Court of Appeals affirmed the judgment of conviction for first-degree animal neglect entered against Plaintiff in Multnomah County Circuit Court. *State v. Hsieh*, __ P.3d __, 314 Or. App. 313 (Sept. 9, 2021).

In this case, Plaintiff brings claims under 18 U.S.C. § 242, 42 U.S.C. § 1983 violations of the Fourth, Sixth, Eighth, and Fourteenth Amendments, *Brady*, a Color of Law Statute, ORS 131.564, ORS 167.345, ORS 181A.340, and ORS 151.216. Compl. [ECF 1] at 3. Plaintiff's claims arise out of the seizure of her cats pursuant to a search warrant and her criminal prosecution for animal abuse. *Id.* at 4–5.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

When reviewing a motion to dismiss against a *pro se* plaintiff, the court construes the *pro se* pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). This liberal interpretation may not, however, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

There have been three Motions to Dismiss filed in this case. The first filed by Mr. Nedu Nweze, the attorney who represented Plaintiff during her previous criminal prosecution. Mot. to Dismiss [ECF 9]. The second filed by the Portland Police Bureau ("PPB"). Mot. to Dismiss [ECF 10]. And the third filed by the "State Defendants" comprised of: the Oregon Judicial Department District 4 Multnomah County, Judge Amy Baggio, Deputy District Attorney Nicole Jergovic, Deputy District Attorney Madeline Loeb, State of Oregon Office of Public Defense Services, the State of Oregon, the Oregon Department of Justice, and the Oregon Department of Public Safety Standards and Training. Mot. to Dismiss [ECF 35]. I address each Motion to Dismiss in turn.

### I.   Nedu Nweze's Motion to Dismiss

Mr. Nweze was Plaintiff's court-appointed criminal defense attorney during Plaintiff's criminal prosecution for animal neglect in Multnomah County. Mot. to Dismiss [ECF 9] at 2. Plaintiff alleges that Mr. Nweze violated 42 U.S.C. § 1983 while acting as her attorney during her criminal prosecution. Compl. [ECF 1] at 13–14.

Mr. Nweze argues that Plaintiff fails to state a claim under 42 U.S.C. § 1983 because she (1) fails to adequately allege the elements of a § 1983 claim, and (2) he is immune from suit under § 1983 for actions he took as an attorney in his representative capacity. Mot. to Dismiss [ECF 9] at 3. I agree with Mr. Nweze.

Under 42 U.S.C. § 1983, a plaintiff must show: (1) "that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States," and (2) "that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 155 (1970). The second element cannot be met by an attorney representing a client because they do not act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–19 (1981). Court-appointed attorneys, like a public defender, function "to oppose the state's mission in criminal trials." *United States v. De Gross*, 960 F.2d 1433, 1446 (9th Cir. 1992) (Reinhardt, J., concurring).

Mr. Nweze, as Plaintiff's court-appointed defense attorney, cannot be considered a state actor. As a criminal defense attorney, Mr. Nweze opposed the state—it would be inapposite to characterize him as a state actor. *Id.* Therefore, I GRANT Mr. Nweze's Motion to Dismiss [ECF 9] and dismiss the claims against Mr. Nweze with prejudice.

**II.     Portland Police Bureau's Motion to Dismiss**

The PPB moves to dismiss Ms. Hsieh's four claims against it: (1) that Portland police used excessive force because they accompanied a county animal-control agent who came to her house, (2) that Portland police used excessive force in kicking down the door when executing a warrant, (3) that Portland police violated Or. Rev. Stat. §§ 133.595 and 133.615 by not making the warrant a public record and not delivering a receipt to Plaintiff of items seized. Mot. to Dismiss [ECF 10] at 3.

The PPB's Motion to Dismiss indicates that at some point Plaintiff agreed to substitute the City of Portland as the proper defendant in place of the PPB. Mot. to Dismiss [ECF 10] at 2. Plaintiff has failed to do so. The City of Portland, not the PPB, is the proper defendant. *See Shore*

4 – OPINION AND ORDER

*v. City of Portland*, 3:17-cv-1519-YY, 2018 WL 3469037 at *2 (D. Or. May 21, 2018) ("As cases in this district have repeatedly held, the Portland Police Bureau is not a separate entity from the City of Portland and is not amenable to suit." (internal quotations omitted)).

Therefore, I GRANT the Portland Police Bureau's Motion to Dismiss [ECF 10]. The claims against the Portland Police Bureau are dismissed with prejudice. Plaintiff has had ample time and opportunity to substitute the proper defendant and has failed to do so.

### III. The State Defendants' Motion to Dismiss

The State Defendants move to dismiss Plaintiff's claims on two grounds. First, the defendants Office of Public Defense Services, Oregon Department of Public Safety Standards and Training, Oregon Department of Justice, Oregon Judicial Department, and the State of Oregon move to dismiss because they are not "persons" under 42 U.S.C. § 1983. Mot. to Dismiss [ECF 35] at 2. Second, the remaining defendants, Multnomah County District Attorney's Office, Deputy District Attorney Madeline Loeb, Deputy District Attorney Nicole Jergovic, and Judge Amy Baggio are protected from the claims by the doctrine of absolute immunity. *Id.*

The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). By definition, the Office of Public Defense Services, Oregon Department of Public Safety Standards and Training, Oregon Department of Justice, Oregon Judicial Department, and the State of Oregon are all either the state or "officials acting in their official capacities" and therefore are not persons under § 1983.

Absolute immunity "defeats a suit [for damages] at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976). And when a prosecutor's actions are "intimately associated with the judicial phase of the

5 – OPINION AND ORDER

criminal process" they are "functions to which the reasons for absolute immunity apply with full force." *Id.* at 430.

Plaintiff's claims against the Multnomah County District Attorney's Office, Deputy District Attorney Madeline Loeb, and Deputy District Attorney Nicole Jergovic all arise from the Plaintiff's prosecution. Compl. [ECF 1] at 4, 11, 12, 15, and 16. Criminal prosecution is "intimately associated with the judicial phase of the criminal process" and therefore, absolute immunity applies to these three defendants. *Imbler*, 424 U.S. at 430.

A judge's conduct enjoys absolute immunity from suit unless the judge "has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal citations omitted). Plaintiff's claims against Judge Baggio all relate to Judge Baggio's conduct as a judge. Compl. [ECF 1] at 10, 16–17. The Court finds Judge Baggio has in no way acted "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356–57. Therefore, absolute immunity applies to Judge Baggio. *Id.*

For the reasons discussed above, I GRANT the State Defendants' Motion to Dismiss [ECF 35] and dismiss the claims against these defendants with prejudice.

## CONCLUSION

For the reasons given above, I GRANT Defendants' Motions to Dismiss [ECF 9], [ECF 10], and [ECF 35] and dismiss the claims with prejudice.

IT IS SO ORDERED.

DATED this 6th day of November, 2021.

MICHAEL W. MOSMAN
United States District Judge

6 – OPINION AND ORDER